# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32527**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Chase M. STRICKLAND**
Senior Airman (E-4), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 28 January 2019

————————————

*Military Judge:* Mark W. Milam.

*Approved sentence:* Bad-conduct discharge, confinement for 4 days, and reduction to E-1. Sentence adjudged 13 March 2018 by SpCM convened at Ramstein Air Base, Germany.

*For Appellant:* Major Dustin J. Weisman, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Mary Ellen Payne, Esquire.

Before HUYGEN, MINK, and POSCH, *Appellate Military Judges.*

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

PER CURIAM:

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(c), Uniform Code of Military Justice, 10 U.S.C. §§ 859(a), 866(c).

Accordingly, the approved findings and sentence are **AFFIRMED**.[1,2]

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court

---

[1] In the court-martial order, Appellant's last name is misspelled. We direct a corrected court-martial order.

[2] On a form dated 13 March 2018, Appellant checked a box indicating "I do not request appellate defense counsel to represent me" and signed the form. The record contains no other document indicating Appellant later changed his election or intended to waive or withdraw from appellate review of his case. After Appellant's case was docketed on 14 June 2018, appellate defense counsel filed four motions for enlargement of time, which the Government opposed and the court granted. Purportedly on Appellant's behalf, the same counsel submitted the case on its merits with no specific assignment of error on 6 December 2018. The apparent disregard for Appellant's election not to be represented by counsel on appeal raises questions, but we need not answer them here. Whether represented by counsel or proceeding pro se, Appellant would have had his case reviewed by the court pursuant to Article 66, UCMJ, and we have conducted such a review.